**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

NO. 5:12-CV-00261-D

ZO XABIERE ALI,
also known as
LORENZO DOMINIC RICHARDSON,

Plaintiff,

v.

BRUCE WORF and
WAKE COUNTY CRISIS AND
ASSESSMENT SERVICES,

Defendants.

**MEMORANDUM AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis* and for frivolity review. (DE-1, DE-2). In his complaint, Plaintiff seeks to pursue a medical malpractice action against the above-named defendants. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, after careful review of the complaint, with due consideration given to Plaintiff's pro se status, the undersigned concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, for the reasons that follow, the undersigned recommends that Plaintiff's complaint be dismissed.

## I. PLAINTIFF'S COMPLAINT

The bulk of Plaintiff's complaint is mere gibberish. The more coherent portions of the complaint essentially allege that psychiatrist Bruce Worf and physicians with Wake County Crisis and Assessment Services committed malpractice in their diagnosis of

Plaintiff, resulting in his temporary involuntary commitment for mental illness. Plaintiff contends he was confined without due process of law, and that the attorney who appealed the order of involuntary commitment "refused to raise any significant arguments in [his] defense." (DE-1-2, p.2). Plaintiff requests monetary damages, an injunction prohibiting future involuntary commitment, a "reversal/expungement of the fraudulent misdiagnosis" and revocation of Defendants' medical licenses. (DE-1-1, p.3).

## II. LEGAL BACKGROUND

Pursuant to 28 U.S.C. § 1915, the Court is required to screen cases in which *in forma pauperis* status is sought. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Moreover, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs,

Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Patients involuntarily committed to state psychiatric facilities are afforded liberty interests under the Due Process Clause of the Fourteenth Amendment. "[T]he Fourteenth Amendment obligates the state to provide certain services to involuntary committed psychiatric patients." Patten v. Nichols, 274 F.3d 829, 837 (4th Cir. 2001) (relying upon Youngberg v. Romeo, 457 U.S. 307 (1982)). Under the *Youngberg* standard, the State must provide a patient who has been involuntarily committed with "adequate food, shelter, clothing, and medical care." Youngberg, 457 U.S. at 315. According to the Fourth Circuit, there is "no constitutionally significant difference between the nature of the protection-from-harm claims . . . and the denial-of-medical-care [claims]." Patten, 274 F.3d at 838.

In determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance "'the liberty of the individual'" and "'the demands of an organized society.'" Youngberg, 457 U.S. at 319 (quoting Poe v. Ullman, 367 U.S. 497, 542 (1961)). The Court applies the "professional judgment" standard, in which "the Constitution only requires that the Court make certain that professional judgment in fact was exercised." Youngberg, 457 U.S. at 321. Decisions made by professionals are presumptively valid, and "liability may be imposed only when the decision by the professional is such a substantial departure from the acted professional judgment, practice, or standard as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323. In applying this standard, the Fourth Circuit has held that that a defendant's actions must have "so substantially departed from professional standards that their decisions can only be described as arbitrary and unprofessional." Patten, 274 F.3d at 843.

## III. ANALYSIS

Plaintiff's complaint fails to state any claim upon which relief may be granted and should be dismissed.

Plaintiff seeks to assert a medical malpractice claim against Defendants. However, it is well-settled that malpractice or negligence in diagnosis or treatment does not generally state a constitutional claim that may be maintained in federal court. *See* Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). And even if Plaintiff could maintain this action on state law grounds, North Carolina Rule of Civil Procedure 9(j) imposes substantive legal prerequisites that must be satisfied before filing a medical malpractice claim, with which Plaintiff has not complied. *See* N.C. R. Civ. P. 9(j)(1)-(3). This Court has already dismissed as frivolous nearly identical claims brought by Plaintiff against the State of North Carolina.[1] *See* Richardson v. North Carolina, 5:11-CV-256-F, 2011 U.S. Dist. LEXIS 91874 (E.D.N.C. July 1, 2011). Insofar as the complaint may be construed as attempting to state a claim under 42 U.S.C. § 1983 for wrongful commitment or failure to provide medical care under *Youngberg*, Plaintiff has not pled sufficient facts to state a constitutional violation. Instead of specific factual allegations, Plaintiff generally accuses Defendants of incompetence and devotes most of the complaint to *ad hominem* attacks and argument. As such, the complaint does not meet the *Twombly/Iqbal* requirement of more than mere "labels and conclusions." The undersigned moreover takes judicial notice of the state appellate court's decision affirming the order of the district court finding that temporary involuntary commitment was necessary to treat Plaintiff's mental illness. *See*

---

1. Plaintiff has also filed at least four other actions with this Court that were dismissed; several other cases remain pending.

In re Richardson, __ N.C. App. __, 722 S.E.2d 797 (2012) (unpublished).

## IV. **CONCLUSION**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, May 18, 2012.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE